| | |
|---|---|
| EQUIP FOR EQUALITY, INC. | ) |
| | ) No. 03C 0796 |
| Plaintiff, | ) |
| | ) JUDGE KENNELLY |
| v. | ) |
| | ) Judge |
| CHRISTIAN WOMEN COUNSELING | ) |
| SERVICES, a/ka SYENE ELKANAH | ) Magistrate Judge MAGISTRATE JUDGE KEYS |
| SINGER PAVILION, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF**

DOCKETED
FEB 0 4 2003

## I. Introduction

1. Plaintiff Equip for Equality, Inc. ("EFE") is a private not-for-profit organization with a statutory mandate to protect and advocate on behalf of individuals with mental illness and developmental disabilities, and individuals with other disabilities as defined by the Americans with Disabilities Act.

2. As the Protection and Advocacy System for Illinois, EFE has the right to conduct independent inquiries into the circumstances under which services are being provided to persons with disabilities.

3. In or about August of 2002, representatives of EFE were denied physical access to a certain building commonly known as 10809 South State Street, Chicago, Illinois in Cook County. Based upon information and belief, Defendant Christian Women Counseling Services (CWCS), a/k/a Syene Elkanah Singer Pavilion, operates the premises as a homeless shelter for persons with mental illness. The denial of access, which was by persons employed by or otherwise affiliated with Defendant, was in direct violation of federal and state authority that

1-1

requires that EFE be granted unaccompanied access to various types of facilities including homeless shelters, their records and employees.

## II. The Parties

4. EFE is a not-for-profit Illinois Corporation, which was founded in 1985 under the name Protection and Advocacy, Inc. as an organization dedicated to protecting and upholding the rights of individuals with disabilities residing within the state of Illinois. EFE's main office is located in Chicago, Illinois in Cook County.

5. Based on information and belief, Defendant Christian Women Consulting Services, a/k/a Syene Elkahah (CWCS), is a provider of services for persons that have mental illness, and operates the subject location as a homeless shelter for persons with mental illness (hereinafter referred to as "the State Street Shelter").

## III. Nature of Action

6. The right of EFE, as the Protection and Advocacy system for Illinois, to bring this action to require unaccompanied access to facilities that provide medical or psychiatric services is supported by 42 U.S.C. § 10801 *et seq.*, known as the Protection and Advocacy for Individuals with Mental Illness Act (federal PAIMI Act), 42 USC 10801. The federal PAIMI Act provides in relevant part as follows:

> **(b) The purposes of this chapter are –**
>
> **(2) to assist States to establish and operate a protection and advocacy system for individuals with mental illness that will --**
>
> > **(A) protect and advocate the rights of such individuals through activities to ensure the enforcement of the Constitution and Federal and State statutes; and**

2

**(B) investigate incidents of abuse and neglect of individuals with mental illness if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred."**

7. The right of EFE to have unaccompanied access to facilities that provide medical or psychiatric services is also supported by the following state statute: 405 ILCS 45/1 *et seq.*, known as the Illinois Protection and Advocacy for Mentally Ill Persons Act (Illinois PAIMI Act).

## IV. Jurisdiction and Venue

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

9. This Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C § 1367.

10. Venue is appropriate pursuant to 28 U.S.C. § 1391(b). The parties are Illinois entities and all of the events and omissions complained of occurred within this district.

## V. Statement of Facts

11. In or about 1985, pursuant to 42 U.S.C § 10801 *et seq.* (Federal PAIMI Act) and 405 ILCS 45/1 *et seq.* (Illinois PAIMI Act) EFE, formerly known as Protection and Advocacy, Inc. was designated by the Governor as the Protection and Advocacy organization (P&A) for Illinois.

12. Both the Federal and Illinois PAIMI Acts provide that the designated P&A organization **"shall have the authority to pursue administrative, legal and other appropriate remedies to ensure the protection of the rights of mentally ill persons/individuals with mental illness who are receiving care or treatment in the/this state."**

13. The federal and state mandates that govern the actions of EFE include the responsibility to ensure that the rights of individuals with mental illness and developmental or physical disabilities are protected, and advocate on their behalf. Thus, EFE serves the important

function of providing independent oversight of programs and facilities that offer treatment and care to individuals with mental illness and developmental disabilities in Illinois.

14. The Federal Acts governing P&A entities require that they be independent from state and private providers of services to individuals with mental illness and developmental disabilities, and provide federal funding to the designated P&A in each state to fulfill its statutory mandate.

15. Pursuant to its statutory authority and mandate, EFE provides free self-advocacy assistance and legal services to individuals with disabilities, conducts inquiries and studies into issues and problems affecting such individuals and advocates for solutions on their behalf. EFE has also examined and monitored state investigations of alleged incidents of abuse and neglect in state and private residential mental health facilities.

16. In the past, many of EFE's recommendations resulting from its projects and studies have led to the enactment of legislative reforms. For example, EFE's work as Court-appointed monitor in the case of <u>Nathan v. Leavitt</u> led to the enactment of legislation that established the right of every recipient of services in a mental health or developmental disability facility to be free from abuse and neglect (405 ILCS 5/2-112) and to changes in policies and procedures of the Department of Mental Health and Developmental Disabilities concerning the reporting of abuse.

## VI. **Denial of Access.**

17. On or about August 14, 2002, representatives of EFE visited the State Street Shelter. The EFE representatives involved had previously spoken to Defendant's Chief Executive Officer, Reverend Margaret Jones, who had agreed to allow access to the homeless shelter. Representatives of EFE arrived at approximately 1:15pm. Upon arriving, they were required to wait for approximately 45 minutes. After waiting, the representatives were denied access to the facility by a staff member.

18. On August 16, 2002, EFE sent correspondence to Defendant's attorney, Gary D. McGuane, Esq. The letter discussed EFE right to access, and the fact that representatives of EFE had been unlawfully denied access to a facility operated by Defendant in violation of federal and state authority. EFE followed up the letter with another written demand for access on September 17, 2002. Despite the requests, Defendant has refused to allow representatives of EFE to have access to the facility.

## VII. Right To Relief

19. Part 51 of Title 42 of the Code of Federal Regulations promulgated under the federal PAIMI Act. 42 C.F.R. 51.42 provides as follows:

> "(a) **Access to facilities and residents shall be extended to all authorized agents of a P&A System."**
>
> (b) **A P&A system shall have reasonable unaccompanied access to public and private facilities and programs in this State which render care or treatment for individuals with mental illness, and to all areas of the facility which are used by residents or are accessible to residents. The P&A system shall have reasonable unaccompanied access to residents at all time necessary to conduct a full investigation of an incident of abuse or neglect....**
>
> (c) **In addition to access as prescribed in paragraph (b) of this section, a P&A system shall have reasonable unaccompanied access to facilities including all areas which are used by residents, are accessible to residents, and to programs and their residents at reasonable times, which at a minimum shall include normal working hours and visiting hours."**
>
> (d) **Unaccompanied access to residents shall include the opportunity to meet and communicate privately with individuals regularly, both formally and informally, by telephone, mail and in person..."**

20. The definition of what constitutes a facility within the meaning of the federal PAIMI Act is found at 42 CFR 51.2, which provides

> "Facility includes any public or private residential setting that provides overnight care accompanied by treatment services. Facilities include, but are not limited to the following: general and psychiatric hospitals, nursing homes, board and care homes, community housing, juvenile detention facilities homeless shelters and jails and prisons,

including all general areas as well as special mental health or forensic units."

21. The regulations that apply to the Illinois PAIMI Act are found at 405 ILCS 45/3, which provides as follows:

> "(B) The agency shall have access to all mental health facilities as defined in Sections 1-107 and 1-114 of the Mental Health and Developmental Disabilities Code, all facilities as defined in Section 1-113 of the Nursing Home Care Act, all facilities as defined in Section 2.06 of the Child Care Act of 1969, as now or hereafter amended, and all other facilities providing care or treatment to mentally ill persons. Such access shall be for purposes of meeting with residents and staff, informing them of services available from the agency, distributing written information about the agency and the rights of persons who are mentally ill, conducting scheduled and unscheduled visits, and performing other activities designed to protect the rights of mentally ill persons."

22. Defendant's refusal to allow representatives of EFE access to the facilities, residents and employees of the State Street Shelter violated the statutory right of EFE under the federal PAIMI Act and under the state PAIMI Act.

## VIII. Prayer for Relief

WHEREFORE, Plaintiff Equip for Equality requests:

a. that the Court exercise jurisdiction over this action;

b. that the Court declares that Defendant's refusal to allow representatives of EFE access to the State Street Shelter violated the federal PAIMI Act;

c. that the Court declare that Defendant's refusal to allow representatives of EFE access to the State Street Shelter violated the Illinois PAIMI Act;

d. that the Court enjoin Defendant to allow Equip for Equality unsupervised access to premises commonly known as 10809 South State Street, Chicago, Illinois in Cook County, which premises are known as or operated as the State Street Shelter, including but not limited to

6

unaccompanied physical access to the building and the residents located there, without any advance notice and at any reasonable time, including before, during and after normal business hours.

e. that the Court issue such other relief as may be equitable and appropriate.

Respectfully submitted,

*Byron L. Mason*
Byron L. Mason
Attorney for Plaintiff

Equip for Equality, Inc.
11 East Adams Street
Suite 1200
Chicago, Illinois 60603
312/341-0022

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
EQUIP FOR EQUALITY, INC.

## DEFENDANTS
INGALLS MEMORIAL HOSPITAL

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    COOK
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

03C 0796

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
BYRON L. MASON, ESQ.
Equip for Equality, Inc.
11 E. Adams, Suite 1200
Chicago, IL 60603   312/341-0022

DOCKETED
FEB 0 4 2003

ATTORNEYS (IF KNOWN)

JUDGE KENNELLY

MAGISTRATE JUDGE KEYS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 810 Selective Service |
| | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. sec. 10801.
Right of Protection & Advocacy System to have access to facilities that provide treatment for mental illness.

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☐ NO

## VIII. This case
☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE 2/3/03

SIGNATURE OF ATTORNEY OF RECORD
Byron L. Mason

UNITED STATES DISTRICT COURT

1-2

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**DOCKETED** FEB 0 4 2003

**In the Matter of**
EQUIP FOR EQUALITY, INC.,
    Plaintiff,
vs.
INGALLS MEMORIAL HOSPITAL,
    Defendant.

Case Number: **03C 0796**

**JUDGE KENNELLY**

**MAGISTRATE JUDGE KEYS**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Equip for Equality, Inc.

| (A) | (B) |
|---|---|
| SIGNATURE: *Byron L. Mason* (signed) | SIGNATURE: |
| NAME: Byron L. Mason | NAME: |
| FIRM: Equip for Equality, Inc. | FIRM: |
| STREET ADDRESS: 11 E. Adams, Suite 1200 | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, IL 60603 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: 312/341-0022 | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
|  | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE: | SIGNATURE: |
| NAME: | NAME: |
| FIRM: | FIRM: |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.